IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES EDWARD BECK, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. CIV-07-375-D |
| | ) |
| WORLDWIDE READERS SERVICE, INC. | ) |
| and LAMAR JACKSON THADDEAUX, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

On July 1, 2008, the Court conducted a hearing on Plaintiff's Motion for Default Judgment [Doc. No. 19]. Pursuant to Fed. R. Civ. P. 55(a), Plaintiff seeks a default judgment against the defendants in this action on the grounds that both have been served with summons and the Complaint and have failed to answer or otherwise appear in this action. Plaintiff seeks a default judgment including damages of $1,750,000.00 plus costs and interest.

Having considered the evidence in the Court file as well as the testimony and exhibits introduced at the July 1 hearing, the Court finds as follows:

1. Plaintiff brought this action to recover damages resulting from injuries he sustained in a November 18, 2006 automobile accident which occurred during the course of his employment by defendant Worldwide Readers Service, Inc. ("Worldwide"); the vehicle was driven by defendant Lamar Jackson Thaddeaux ("Thaddeaux"), who was also employed by Worldwide at the time of the accident. Plaintiff sustained serious injuries, as described herein.

2. This Court has jurisdiction over the subject matter and the parties pursuant to 18 U. S. C. § 1332, as Plaintiff and Defendants are citizens and residents of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Venue is proper in this Court pursuant to 28 U. S. C. § 1391 because the accident which is the subject of this action occurred within the Western District of Oklahoma. Oklahoma's substantive law applies in this diversity case. *Clark v. State Farm Mut. Auto. Ins. Co.*, 319 F.3d 1234, 1240 (10th Cir. 2003).

3. When the lawsuit was filed, Plaintiff served a copy of the Complaint and summons upon Worldwide, by certified mail, return receipt requested, addressed to Michael Whitely; Plaintiff identified Whitely as Worldwide's Chief Executive Officer and provided his counsel with the address known to Plaintiff as Worldwide's corporate office in Miami, Florida. The return receipt for the certified mailing was executed and returned; a copy of the certified return receipt was filed in this action on June 22, 2207 [Doc. No. 7]. However, Worldwide failed to answer or appear in this case.

4. Pursuant to Fed. R. Civ. P. 55(a) and Local Civil Rule 55.1(a), Plaintiff requested that the Court Clerk enter Worldwide's default on the Court docket; the Clerk's Entry of Default was filed on October 11, 2007 [Doc. No. 14].

5. Plaintiff also attempted to serve a copy of the Complaint and summons upon defendant Thaddeaux by certified mail, return receipt requested, at the address he listed on the police report of the accident which is the subject of this action. Service was not perfected, however, as the mailing was returned as undeliverable and not capable of being forwarded. *See* Response to Show Cause Order, Exhibit 3 [Doc. No. 11]. Plaintiff then sought to obtain a current mailing address for Thaddeaux by searching telephone directories and other sources. *See* affidavit of Plaintiff's

counsel, submitted as Exhibit 5 to Response to Show Cause Order [Doc. No. 11].  Because such efforts were unsuccessful, Plaintiff engaged a private investigator to attempt to locate Thaddeaux; those efforts were also unsuccessful. Affidavit of investigator, Exhibit 4 to Response to Show Cause Order.  The investigator determined that Thaddeaux had quit his employment with Worldwide in January, 2007, but was unable to locate a forwarding address.  *Id.*

6. Plaintiff subsequently sought Court permission to serve Thaddeaux by publication, and the Court granted his request. [Doc. No. 12].  Thereafter, Plaintiff served Thaddeaux by publication, and filed proof of service by publication on October 11, 2007 [Doc. No. 15].  Because Thaddeaux did not respond, Plaintiff requested that the Clerk enter default as to Thaddeaux; the Clerk's Entry of Default was filed on November 28, 2007 [Doc. No. 17].

7. After this lawsuit was filed, Worldwide set up a website on the Internet; because it showed a different address than that reflected on the summons issued in this case, Plaintiff's counsel sent correspondence, via certified mail return receipt requested, to Worldwide at the new address, and enclosed a copy of the summons and Complaint.  *See* Plaintiff's hearing Exhibit 2.  No response was received.  Plaintiff's counsel also mailed copies of the Motion for Default Judgment to both addresses for Worldwide; these were sent via certified mail, return receipt requested; the signature blocks on each were executed and showed receipt of same. Plaintiff's hearing Exhibit 4.  Worldwide did not respond to the Motion, and has never filed an entry of appearance in this case.

8. The Court concludes that, pursuant to Fed. R. Civ. P. 4(e)(1), Plaintiff has effected service upon Worldwide in accordance with Oklahoma law, tit. 12 Okla. Stat. § 2004.  The evidence before the Court reflects that Worldwide has failed to enter an appearance in this case, and is in default. Furthermore, the evidence before the Court establishes that Plaintiff's counsel has also notified

Worldwide, by certified mail, of Plaintiff's default judgment motion and that Worldwide has failed to respond.  Plaintiff's hearing Exhibit 4.

9. The Court further finds that, pursuant to Fed. R. Civ. P. 4(e)(1), Plaintiff has properly served defendant Thaddeaux by publication notice in accordance with Oklahoma law, tit. 12 Okla. Stat. § 2004(C)(3).  Thaddeaux has failed to enter an appearance in this case and is in default.  Plaintiff also attempted to notify Thaddeaux, by certified mail addressed to his last known address, of the motion for default judgment; the mailing was returned as undeliverable.  Plaintiff's hearing Exhibit 3.

10. Accordingly, Plaintiff is entitled to a default judgment against Worldwide and Thaddeaux; because Worldwide and Thaddeaux have failed to answer the allegations in the Complaint, the allegations relating to liability are deemed admitted.  *See Olcott v. Delaware Flood Co.,* 327 F.3d 1115, 1125 (10th Cir. 2003);  *Reed v. Scott*, 820 P. 2d 445, 448 (Okla. 1991).  Plaintiff's evidence must, however, support the money damages he seeks to recover.  *Reed*, 820 P. 2d at 448.     11. Plaintiff was initially employed by Worldwide in 2001; his job involved door-to-door sales of magazine subscriptions and other media products; he was sent by Worldwide to solicit such sales in different cities and states.   On November 18, 2006, Plaintiff was engaged in sales for Worldwide in the Oklahoma City metropolitan area.  Defendant Thaddeaux was also employed by Worldwide, and was Plaintiff's supervisor.

12. On November 18, 2006, Plaintiff and other  Worldwide employees were passengers in a van driven by Thaddeaux and furnished by Worldwide; at approximately 10:30 p.m. on that date, Thaddeaux was driving Plaintiff and the other Worldwide employees  to their hotel at the end of the work day.  While traveling North on State Highway 62, approximately one-half mile North of S.W.

134th Street in Oklahoma City, Thaddeaux lost control of the van; the van rolled over, and Plaintiff was ejected.

13. Plaintiff was transported to the Oklahoma University Medical Center in Oklahoma City, where he was determined to have incurred injuries including a broken hip, broken neck, broken teeth, approximately 10 broken ribs, and a collapsed lung; he also sustained damage to the nerves in his lower back. Plaintiff was in a coma for approximately three weeks, and remained hospitalized for 34 days. As a result of the nerve damage he sustained, Plaintiff has a condition which requires him to permanently wear a brace on one foot. He underwent several surgeries and now has a plate in his hip and walks with a cane to assist him in maintaining his balance.

14. Worldwide did not maintain Workers' Compensation insurance coverage for its employees.

15. Plaintiff currently resides in Grand Rapids, Michigan, where he remains under the care of a physician, Dr. Jamison. As a result of the damage to his lung, he occasionally uses an inhaler to assist with his breathing; he continues to have constant hip pain, and must take daily pain medication.

16. As a result of the head injury sustained in the accident, Plaintiff sustained memory loss; he was required to learn to read and count again, and is currently able to do so, although he occasionally has some problems with his memory. Plaintiff's front teeth were also damaged in the accident, and several missing teeth have not been repaired.

17. The medical records reflecting expenses incurred as a result of the accident were introduced at the hearing as Plaintiff's Exhibit 1; these contain a summary and supporting invoices reflecting a total of $398,768.59 in medical costs. The costs associated with Plaintiff's current

medical treatment are not included in Exhibit 1, and no evidence of such costs has been submitted.

18. Plaintiff's physician has told him that he will be required to wear the leg brace and to use a cane for the rest of his life; he has also been advised that it is likely that, in the future, he will need hip replacement surgery and may develop arthritis in his hip. Plaintiff does not submit any evidence of the anticipated costs associated with future medical care.

19. At the time of the accident, Plaintiff's net compensation with Worldwide was approximately $300 per month; he has not been employed since the accident, and his physician has not yet released him to work. His physician intends to assist Plaintiff in obtaining vocational training when he is physically able to participate in such training; Plaintiff hopes to be trained in the use of computers.

20. Prior to his injury, Plaintiff enjoyed participating in sports and working around his house, but he is unable to engage in these activities because of his injuries and hip pain.

21. When asked to rate his current hip pain on a scale of one to ten, Plaintiff testified that he would rate it at seven because he is taking medication; he said the pain would be extreme if he were not taking medication.

22. Plaintiff is currently 32 years old, and has a life expectancy of 30.4 years.

23. Under Oklahoma law, Plaintiff is entitled to recover damages based on the detriment proximately caused by the accident, including past and future medical expenses, pain and suffering, loss of time and earning capacity, and permanent injuries or lasting disability. *See* tit. 23 Okla. Stat. § 61 (2008); Oklahoma Uniform Jury Instructions - Civil ("OUJI"), Instruction No. 4.1 (200 2)*; Shebester, Inc. v. Ford*, 361 P. 2d 200 (Okla. 1961). To recover the foregoing elements of damages, Plaintiff must present supporting evidence. *See* OUJI Instruction No. 4.1.

24. Plaintiff's evidence establishes that he sustained serious injuries as a proximate result of the accident and that he incurred substantial costs of hospitalization and related medical care. The evidence establishes that Plaintiff 's medical expenses total $398,768.59; Plaintiff is entitled to recover that amount from the Defendants.

25. Plaintiff's evidence establishes that he has not worked since the November 18, 2006 accident; as a result, he has lost income as a result of the accident. The evidence establishes that, at the time of the accident, Plaintiff earned net compensation averaging $300 per month. The evidence also establishes, however, that Plaintiff anticipates receiving job training and intends to pursue training in computer-related work. There is no evidence showing when that training might occur and, if completed, what future compensation Plaintiff might expect to earn. Nor is there evidence to suggest when Plaintiff might be able to return to another form of work or what income he might expect to earn in another position. Inasmuch as there is no evidence in this regard, the Court cannot determine whether Plaintiff's future income will be diminished as a result of the injuries he sustained in the accident. The Court can, however, determine that Plaintiff has lost income of $300 per month for the time period since the accident to the present date. The Court concludes that Plaintiff is entitled to recover damages based on lost income of $300 per month from November 18, 2006 to and including the date of this Order, or a total of $5,700.00.

26. Plaintiff anticipates future hip replacement surgery; however, he offers no evidence to suggest the cost of such surgery or other medical care related to such surgery. Lacking that evidence, the Court cannot assess damages based on those future anticipated medical expenses.

27. The evidence establishes that Plaintiff has endured substantial pain and suffering as a proximate result of the accident, and he is entitled to recover damages attributable to that pain and

suffering. Damages for pain and suffering cannot be precisely measured; however, the inability to determine a precise measurement does not preclude an award of such damages. *Currens v.Hampton*, 939 P. 2d 1138, 1141 (Okla. 1997), *citing White v. McDonald* 447 P.2d 746, 755 (Okla. 1968). Plaintiff's medical records and his testimony reflect that his injuries have resulted in significant pain; furthermore, his testimony establishes that he continues to endure pain in his hip at the present time, approximately 19 months after the accident. His assessment of his hip pain and the fact that he must take medication to achieve some degree of relief from pain establish that he continues to suffer from the injuries sustained in the accident.    Based on the evidence, the Court concludes that Plaintiff is entitled to recover $1,200,000.00 in damages attributable to his past pain and suffering.

28. To the extent that Plaintiff seeks recovery for future pain and suffering, such an award generally requires the support of expert medical testimony. *See Reed v. Scott*, 820 P. 2d 445, 448-49 (Okla. 1991). Where, however, the injury is objective and it is "plainly apparent, from the very nature of the injury, that the injured person must of necessity undergo pain and suffering in the future," future pain and suffering may be inferred. *Id.*   In this case, based upon the evidence presented, the Court cannot conclude that future pain and suffering is plainly apparent from the nature of the injury; therefore, an insufficient evidentiary basis exists to support the award of this category of damages.

29. Based on the foregoing, the Court concludes that Plaintiff is entitled to recover a total of $1,604,468.59 in damages from the Defendants.

In accordance with the findings herein, Plaintiff's Motion for Default Judgment [Doc. 19] is GRANTED. Judgment shall enter in favor of Plaintiff and against the Defendants Worldwide Readers Service, Inc. and Lamar Jackson Thaddeaux in the amount of $1,604,468.59, plus interest

from the date of the judgment until paid.

    IT IS SO ORDERED this __3rd__ day of July, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE